IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-652-BO-KS

ANTHONY X. DAVIS,  )
   Plaintiff,  )
 )
v.  )   O R D E R
 )
BUILDERS DISCOUNT CENTER OF  )
ROCKY MOUNT, INC.,  )
   Defendant.  )

This cause comes before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on November 12, 2023. [DE 1]. Plaintiff has alleged that defendant discriminated against him on the basis of his race when it terminated his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

The undisputed facts are as follows. *See* [DE 32]. Plaintiff is a Black male who spent forty years working for Bridgestone/Firestone. Defendant is a family-owned and operated building supply store with eleven locations in North Carolina and Virginia. Defendant sells building materials and supplies to its customers using a "drive-through warehouse." [DE 21 ¶ 9]. Customers purchase their supplies, load them onto their own vehicles, and then drive off the premises after passing through a security gate.

After his retirement from Bridgestone/Firestone, plaintiff sought employment with defendant at defendant's Rocky Mount, North Carolina location. Plaintiff was hired by defendant as a "Gateman," an employee stationed at the security gatehouse and whose job it is to inspect customer vehicles prior to exit to ensure that the materials in the vehicles match the customers' receipts. Plaintiff began his employment on October 29, 2021, and received training from another of defendant's employees, David Waltz, who had been working for defendant as a Gateman. The role of the Gateman is to deter theft. There are also surveillance cameras around defendant's property, including around the gatehouse.

Plaintiff's employment with defendant was terminated on July 13, 2023. The reason for plaintiff's termination is disputed. Approximately six months prior to plaintiff's termination, defendant had terminated another employee, Rashad Benjamin, who had embezzled approximately $23,000 from defendant. Benjamin was later convicted of felony larceny.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Rule 56 sets out procedures for supporting factual positions, which permit a court to "ascertain, through criteria designed to ensure reliability and veracity, that a party has real proof of a claim before proceeding to trial." *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993); *see also* Fed. R. Civ. P. 56(c). The moving party may satisfy its burden to demonstrate the absence of a genuine dispute of material fact by citing to materials in the record, including depositions, documents, affidavits, and admissions. Fed. R. Civ. P. 56(c)(1)(A). However, "[i]t is clear that evidence not in a form admissible at trial may nonetheless be considered on summary judgment." *Glob. Pol'y Partners, LLC v. Yessin*, 686 F. Supp. 2d 642, 648 (E.D. Va. 2010); *see also Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015). The moving party may also show that the record fails to establish that there is a genuine dispute or that the nonmovant cannot produce admissible evidence which would support the fact. *Id.* Rule 56(c)(1)(B). Where the moving party has satisfied its burden, the nonmoving party must establish the material facts which are in dispute by "going beyond the pleadings" and relying on "any of the kinds of evidentiary materials listed in Rule 56(c)". *Celotex Corp.*, 477 U.S. at 324.

As noted above, plaintiff has alleged claims for employment discrimination based upon his race in violation of Title VII and 42 U.S.C. § 1981. Courts apply the *McDonnell-Douglas* framework to evaluate claims of employment discrimination brought under both Title VII and §

3

1981. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnell Douglas*, if the plaintiff can establish a prima facie case of discriminatory treatment, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant meets this burden, the plaintiff is given the opportunity to show that the presumptively legitimate reason offered by the defendant is in fact pretext for an underlying discriminatory motive. *Id.* at 804. "Although the evidentiary burdens shift back and forth under the *McDonnell Douglas* framework," the ultimate burden of persuasion to show that the defendant intentionally discriminated remains with the plaintiff. *Love-Lane*, 355 F.3d at 786.

The elements of a Title VII and a § 1981 wrongful termination claim are "(1) membership in a protected class, (2) discharge, (3) while otherwise fulfilling Defendants' legitimate expectations at the time of his discharge, and (4) under circumstances that raise a reasonable inference of unlawful discrimination." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 n.8 (4th Cir. 2020) (citation omitted).

It is undisputed that plaintiff is a member of a protected class and that he suffered adverse employment action when he was terminated. Defendant argues that plaintiff cannot establish, however, that he was performing his job satisfactorily prior to his termination. To succeed on this element, plaintiff must ultimately be able to show that "he was 'qualified' in the sense that he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 515 (4th Cir. 2006) (citation omitted); *see also Ullrich v. CEXEC, Inc.*, 233 F. Supp. 3d 515, 525 (E.D. Va. 2017).

Defendant relies on plaintiff's own deposition testimony to show what the legitimate duties of the Gateman position entailed. Plaintiff admitted that as a Gateman he was supposed to check

4

all vehicles which left defendant's premises, that he was supposed to compare inventory inside the vehicles with the customer's receipt, and that he was supposed to open enclosed and covered vehicles in order to determine whether any materials which had not been paid for were on or in the customer's vehicles. *See* [DE 23-1] Davis Depo. at 52; 64-65; 69-70; 75; 113; 143. Defendant has also proffered evidence that plaintiff was not, in fact, comparing inventory inside vehicles against receipts or opening enclosed and covered vehicles to determine whether materials which had not been paid for were present. Defendant has proffered video evidence which shows that plaintiff was not correctly checking outgoing vehicles, [DE 23-7]; as well as the declaration of Daniel Howell, plaintiff's manager at defendant's Rocky Mount location. *See* [DE 35-1] Howell Decl.; *see also* [DE 23-6]; [DE 23-8]. Howell states that he was told that plaintiff was not performing his Gateman duties and that he, Howell, reviewed surveillance footage of plaintiff working as Gateman. Howell compared the footage with the purchase receipts for the vehicles plaintiff was supposed to check, and determined that plaintiff was at times not performing his job correctly. Howell Decl. ¶¶ 8, 10.

In opposition to the motion for summary judgment, plaintiff argues that defendant's motion was not supported by affidavits or declarations and should thus be denied. This argument is without merit. Fed. R. Civ. P. 56(c). In any event, defendant has submitted a declaration in support of its motion in reply. Plaintiff also opposes defendant's motion by arguing that defendant did not, along with its motion, file an affidavit or declaration to support the admissibility of certain evidence submitted, and thus summary judgment is improper. Defendant need not establish that each piece of evidence on which it relies is admissible, so long as it can ultimately be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see also Singletary on behalf of N.M.M. v. Cumberland Cnty. Sch.*, No. 5:12-CV-744-FL, 2016 WL 8711336, at *5 (E.D.N.C. Feb. 12, 2016) ("The fact that the evidence may be authenticated defeats his argument."). As defendant

5

Case 5:23-cv-00652-BO-KS    Document 36    Filed 05/20/25    Page 5 of 8

correctly argues, the receipts, termination report, and notes on video footage can each be authenticated and determined to be admissible at trial.

In support of his prima facie case, plaintiff has proffered his own affidavit and that of Rickie D. Vick. [DE 31-1] Davis Aff; [DE 31-2] Vick Aff. As to Vick's affidavit, Vick was not disclosed as a witness during discovery, and thus plaintiff may not rely on his statements at trial. *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003); [DE 35-3]. Moreover, Vick is apparently a customer of defendant, not an employee, and thus his opinion as to whether plaintiff was adequately performing his job duties is not relevant. *See, e.g., Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (perception of co-workers as to plaintiff's performance is "'close to irrelevant.'") (citation omitted).

Thus, plaintiff relies only on his own affidavit, in which he states that he was meeting defendant's legitimate expectations. But plaintiff's "own testimony, of course, cannot establish a genuine issue as to whether [plaintiff] was meeting [defendant]'s expectations." *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). This is because the relevant assessment is that of the employer and decision-maker, not that of the plaintiff. *Id.*; *see also Hayes v. Sonabank*, No. 3:21CV230, 2022 WL 3325869, at *7 (E.D. Va. Aug. 11, 2022) ("Rather, in determining whether Hayes met Sonabank's expectations, the Court looks to 'the opinion of [her] supervisors, with whom she worked on a regular basis.'") (citation omitted). Here, the opinion of plaintiff's manager is that plaintiff was not meeting the legitimate expectations of defendant. Howell Decl. ¶¶ 10; 11; [DE 23-5]. Even construing the evidence in the light most favorable to plaintiff, plaintiff cannot establish a prima facie case.

Even if plaintiff could establish a prima facie case, plaintiff has failed to create a genuine issue of material fact as to whether the defendant's proffered basis for terminating his employment

6

is mere pretext. "Poor performance is a legitimate and nondiscriminatory reason for terminating a person's employment." *Kariuki v. Dep't of Ins.*, No. 5:18-CV-341-D, 2021 WL 3781879, at *6 (E.D.N.C. Aug. 25, 2021). The burden is on plaintiff, then, to forecast sufficient evidence which would show that defendant's proffered reason was a pretext for discrimination. *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 721 (4th Cir. 2013).

Plaintiff has failed to forecast evidence that would tend to show that defendant's "explanation is 'unworthy of credence[,]'" nor has he offered "other forms of circumstantial evidence sufficiently probative of [] discrimination." *Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004). Plaintiff has proffered his own belief that his termination was motivated by race discrimination, but that is insufficient at this stage. *O'Daniel v. United Hospice*, No. 4:09-CV-72-D, 2010 U.S. Dist. LEXIS 104163, at *9 (E.D.N.C. Sep. 29, 2010). Plaintiff's reliance on another Black employee who was fired for embezzling funds does not amount to circumstantial evidence probative of discrimination. Finally, plaintiff admitted in his deposition testimony that Daniel Howell hired plaintiff for the Gateman position, Davis Depo. at 50, and that Howell was also the person who fired plaintiff. Davis Depo. at 90, 160. *See also* Howell Decl. ¶¶ 7, 8. "[I]n cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer." *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991). Plaintiff was terminated by Howell less than two years after Howell hired him, and thus there is a strong inference that discrimination was not the real reason for plaintiff's termination. *See Mott v. Accenture, LLP*, Civil Action No. 8:17-cv-00231-PX, 2019 U.S. Dist. LEXIS 72285, at *42 (D. Md. Apr. 29, 2019) (applying *Proud* inference where hiring and firing

7

took place less than two years apart); *Sutton v. Somerset Cnty. Bd. of Educ.*, Civil Action No. ELH-17-504, 2018 U.S. Dist. LEXIS 101921, at *27 (D. Md. June 18, 2018) (same).

At bottom, it is not for this Court to determine whether the decision to terminate plaintiff's employment was "'wise, fair, or even correct[.]'" *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 901 (4th Cir. 2017) (quoting *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1999)). Plaintiff has failed to create an issue of material fact as to whether he was fulfilling defendant's job performance expectations or whether the reason defendant has proffered for his termination is mere pretext. Defendant's motion for summary judgment must be granted.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for summary judgment [DE 20] is GRANTED. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this $\underline{19}$ day of May 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE